IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| SAMUEL COLLETTE,<br><br>        Plaintiff,<br>v.<br><br>BRYAN SPERRY LAINE,<br><br>        Defendant. | NO. 1:22-CV-00603-MJT-ZJH |

**REPORT AND RECOMMENDATION DISMISSING CASE**

This case is assigned to the Honorable Michael J. Truncale, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management pursuant to a standing order. On December 28, 2022, *pro se* Plaintiff Samuel Collette filed the instant *Complaint*, and filed a partial *Motion for Leave to Proceed in forma pauperis*. Doc. Nos. 1-2. On January 5, 2023, the court ordered Collette to file a completed *Motion for Leave to Proceed in forma pauperis*, which Collette filed on January 20, 2023.

After reviewing Collette's application to proceed *in forma pauperis* solely on the basis of financial status, the court finds that Collette meets the indigence requirements of 28 U.S.C. § 1915. However, pursuant to the court's own motion, the undersigned recommends that the court dismiss the case *sua sponte* because Collette has failed to establish this court has subject-matter jurisdiction to entertain this case.

Because Collette is proceeding *pro se*, Collette's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and, as such, must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

I.  **Factual Background**

The facts of the instant action arise out of Collette's previous alleged attorney-client relationship with Bryan Laine.  Doc. No. 1 at 2.  Collette briefly complains that Bryan Laine committed "misconduct because [Collette] [paid] Bryan 6500$ [sic] to represent me on an appeared case which he agreed to, but he also never followed through."  *Id.*  Collette further represents that Laine received Collette's money on July 25, 2022, but failed to return Collette's phone calls thereafter.  *Id.*  On December 28, 2022, Collette therefore filed this lawsuit and a partial *Motion for Leave to Proceed in forma pauperis*, requesting damages of "50.000$ [sic]."  *Id.*; Doc. No. 2.  On January 5, 2023, the court ordered Collette to file a completed *Motion for Leave to Proceed in forma pauperis*, which Collette completed on January 20, 2023.  Doc. Nos. 3, 5.

II.  **Discussion**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction" — here, the plaintiff.  *Kokkonen*, 511 U.S. at 377 (internal citations omitted).

There are two basic types of jurisdiction: diversity and federal question.  Diversity jurisdiction requires that: (1) "the mattery in controversy exceed[] the sum or value of $75,000," and (2) that the case be between "citizens of different states."  28 U.S.C. § 1332(a)(1).  By contrast, federal question jurisdiction requires that the case "aris[e] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

If a federal court does not have subject matter jurisdiction, it must dismiss the case. A federal court is "duty-bound to examine its subject-matter jurisdiction sua sponte." *Burciaga v. Deutsche Bank Nat'l Trust Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017); *Robinson v. Beaumont Bone & Joint Inst.*, No. 1:10-CV-643, 2010 WL 5644820, at * (E.D. Tex. Dec. 22, 2010) (Hines, J.) (emphasis in original) (internal citation omitted) ("Federal trial courts, moreover, *must* raise lack of subject-matter jurisdiction on their own motions whenever the issue becomes apparent."), *R. & R. adopted*, No. 1:10-CV-643, 2011 WL 251111 (E.D. Tex. Jan. 25, 2011).

Here, the court must *sua sponte* dismiss Collette's *Complaint* (Doc. No. 1), as the court lacks subject-matter jurisdiction to entertain his case. First, Collette has failed to state a cause of action to satisfy the existence of federal question jurisdiction. 28 U.S.C. § 1331. "Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint." *Elam v. Kan. S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (citation omitted). Here, Collette has failed to state what federal law(s) Laine has broken or violated. Without stating a federal cause of action — whether it be in common law, the Constitution, or by statute — the court does not have jurisdiction to hear this case. *See id.*; 28 U.S.C. § 1331 (requiring civil actions "aris[e] under the Constitution, laws, or treaties of the United States.").

Second, the court lacks diversity jurisdiction to hear this case because the parties are not diverse. The *Complaint* states that Laine resides in Kountze, Texas, and the *Motion for Leave to Proceed in forma pauperis* states that Collette resides in Houston, Texas.[1] Doc. No. 1 at 1; Doc. No. 5 at 1. In assessing whether diversity jurisdiction exists, the parties must be completely diverse — that is, "all persons on one side of the controversy [must] be citizens of different states than all

---

[1] Here, the court is only apprised of both parties' alleged residences; if either party is a diverse citizen, such that they are domiciled in a different state, Collette has failed to satisfy this burden here as well.

person on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal citation and quotation marks omitted). The Fifth Circuit has stated that for the purposes of diversity jurisdiction, citizenship of a natural person is determined by an individual's domicile. *Preston v. Tenet Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797–98 (5th Cir. 2007). "A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* (citation omitted). Furthermore, a person's residence and intent to remain at that residence demonstrates a person's domicile. *Id.* at 798.

Here, Collette and Laine's residences are both in the state of Texas, thereby defeating diversity jurisdiction. Collette has failed to state, or otherwise provide evidence that, one or both parties have established domiciles in a different state, meaning that they have a "(1) physical presence at the new location, and (2) an intention to remain there indefinitely," or alternatively, that neither party has an intent to remain indefinitely at their current residences. *Coury v. Prot*, 85 F.3d 244, 250–51 (5th Cir. 1996) (collecting cases) ("A person's domicile persists until a new one is acquired or it is clearly abandoned . . . There is a presumption in favor of the continuing domicile which requires the party seeking to show a change in domicile to come forward with enough evidence to that effect to withstand a directed verdict."). Accordingly, for the purposes of assessing diversity jurisdiction, the court finds that both parties are domiciled in Texas, meaning the parties are not diverse. If the parties are domiciled in states other than their stated addresses, Collette has failed to satisfy this burden. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (footnote and citation omitted) ("[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum."); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.").

Furthermore, Collette has also failed to show that the requisite amount in controversy requirement is met to proceed with this case. For the purpose of determining the existence of diversity jurisdiction, the amount in controversy is judged at the time the complaint is filed. *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) ("In considering whether Hartford has met this [amount in controversy] burden, we must first examine the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount."). Here, the *Complaint* states that Collette seeks damages "for the totality of 50.000$ [sic]." Doc. No. 1 at 2. Federal courts may only entertain cases "where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332. Thus, even if Collette erred in requesting damages of fifty dollars, instead of fifty-thousand dollars, either amount fails to satisfy this jurisdictional requirement. *Id.*

Accordingly, the court lacks subject matter jurisdiction over Collette's case. The *Complaint* (Doc. No. 1) fails to allege any violations of federal law, such that Collette has failed to satisfy the burden that federal question jurisdiction exists. Second, the parties here are not diverse, as both are domiciled in the same state of Texas, nor is the amount in controversy requirement met. As such, the court similarly lacks diversity jurisdiction to entertain this case. The court therefore recommends dismissing this case *sua sponte* for lack of subject-matter jurisdiction. Collette may refile this case in a court with proper jurisdiction.

### III. Recommendation

Plaintiff Samuel Collette's *Motion to Proceed In Forma Pauperis* (Doc. No. 5) is granted. Plaintiff Samuel Collette's *Complaint* (Doc. No. 1) should be dismissed for failing to establish the court possesses subject-matter jurisdiction to entertain the case.

### IV. **Objections**

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this 9th day of February, 2023.

_____
Zack Hawthorn
United States Magistrate Judge